## Dolan v. Jean.

Instructions: ON ISSUES NOT INVOLVED. An instruction respecting an issue which has been abandoned or not involved in the trial will be held erroneous as tending to mislead the jury.

*Appeal from Clinton Circuit Court.*

### Tuesday, December 12.

Action for price of furnace, etc., furnished and set up by plaintiffs in the Catholic church in Lyons city. De-

fense, breach of warranty. Trial by jury. Verdict and judgment for plaintiff. Defendant appeals. The further necessary facts are stated in the opinion.

*W. E. Leffingwell & Bro.* for the appellant.

*G. M. Wilcox* and *Walter I. Hayes* for the appellee.

MILLER, J. — In the answer of defendant it is alleged, in substance, that the furnace sold and delivered by plaintiffs was so sold under a special warranty, that it should maintain a heat of fifty degrees above the outside temperature, for which the defendant agreed to pay the sum of $400, provided the furnace answered to the warranty; that the furnace wholly failed to maintain the degree of heat warranted, and that defendant has been injured, etc.

The main fact in issue on the trial was whether or not there had been a failure of the furnace to answer the warranty. There was no serious controversy upon the fact that the furnace was sold with warranty.

On the trial the court gave to the jury the following instruction :

" If you find from the evidence that the plaintiff simply warranted said furnace to maintain a heat of fifty degrees in said church, *upon the understanding of the parties that there were proper flues in said church,* then in that case if you find from the evidence that the cause of said furnace failing to maintain a heat of said degree was owing to defective or insufficient flues in said church, and that said furnace would have maintained such heat if there had been sufficient flues in said church, then in that case if said furnace failed to maintain a heat of fifty degrees it would not be a breach of the warranty last above mentioned."

This instruction is complained of as calculated to mislead the jury, and erroneous under the evidence.

There was evidence tending to show that the flues in the church building were defective, and there was no con-

troversy upon the fact that when the furnace was first set up in the church, using said flues in connection therewith, it failed to produce the requisite degree of heat to comply with the warranty. The evidence further shows, without conflict, that plaintiffs proposed to the defendant, in order to obtain sufficient draft for the furnace, to run a smoke-stack up through the center of the church, believing that thereby they could obtain the required degree of heat. This was assented to by the defendant in order to enable plaintiffs to comply with their warranty, and the proposed stack was put up by plaintiffs, and thereafter it was used instead of the flues in the church. Thus the material fact directly in issue between the parties was, whether by the use of this *stack* for the draft of the furnace the latter would or did maintain the required degree of heat in the church. Under this state of the case the instruction complained of was erroneous and calculated to mislead the jury. The flues of the church, as built therein, had been abandoned by both parties, and the stack erected by plaintiffs was used in their stead ; with this stack to afford draft a test was made as to the heating capacity of the furnace, and the fact contested on the trial was whether *by the use of this stack* the furnace would or did answer the warranty. The flues of the church building were outside of the inquiry before the jury. Whether they were defective or otherwise was entirely immaterial, as they had been abandoned by both parties, and the stack substituted.

For this error the judgment of the circuit court is

Reversed.